[Criminal No. 610.   Filed January 27, 1926.]

[242 Pac. 864.]

JOHN   MAYWEATHER, Appellant, v.   STATE, Respondent.

HOMICIDE—ONE KILLING BYSTANDER WHILE ‾SHOOTING AT ANOTHER LIABLE OR EXCUSABLE AS THOUGH PERSON SHOT AT KILLED.—Where defendant, shooting at another, killed a bystander, he is either liable or excusable in the same manner as though he had killed person he shot at.

---

See (1) 29 **C. J.**, p. 1092, n. 21; p. 1093, n. 22, 23, 24, 25, 26, 27; 30 **C. J.**, p. 88, n. 47; p. 89, n. 48; p. 393, n. 95.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. Frank E. Thomas, for Appellant.

---

Homicide by unlawful act aimed at another than the one killed, see note in 63 **L. R. A.** 660. See, also, 13 **R. C. L.** 745.

Mr. John W. Murphy, Attorney General, Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, and Mr. John F. Ross, County Attorney, for the State.

McALISTER, C. J.—The appellant, John Mayweather, was convicted of the crime of murder in the second degree and given a prison sentence "of not less than ten years nor more than his natural life." He appeals from this judgment, and has brought to this court the papers in the case and a transcript of the evidence, but has filed no brief or pointed out any error in the trial court proceedings as a basis for his appeal. Notwithstanding this failure, however, we have examined the record and find therein nothing showing that he did not have a fair and impartial trial.

It appears that on the evening of May 5, 1923, he shot and killed one Raymond D. Jackson, the homicide occurring near the Ft. Huachuca military reservation in Cochise county, and in a resort or place of amusement run by one Alvin Downs. This resort is a building consisting of a large hall, a restaurant, and sleeping rooms, and at the time of the killing a number of colored soldiers were there. An altercation between appellant and Downs arose in the hall and resulted in their shooting at each other several times with pistols. The first shot fired at Downs missed him, but entered the body of Raymond D. Jackson, a friend of appellant, standing only a few feet from Downs, and killed him. The case was tried as though appellant had taken the life of Downs, the person at whom he shot, and the court, after telling the jury that the prosecution did not claim that appellant intended to kill Raymond D. Jackson, but that appellant claimed that he shot at Downs believing

his own life was in danger from Downs, instructed the jury as follows:

"I instruct you, gentlemen, in that connection, that you should consider this case as though Downs had been killed by the same bullet which struck Jackson, as a matter of law. If the defendant fired at Downs and the bullet which he fired killed Jackson, he is either liable or excusable in the same manner as though the bullet which he fired had killed Downs. If he were justified in firing at Downs, then in such case, although Jackson was what we call an 'innocent bystander,' he would be justified so far as the death of Jackson is concerned, and cannot be held responsible because of the unfortunate accident in the bullet hitting the wrong person. If, on the other hand, he was not justified in shooting at Downs, then he cannot offer as an excuse the fact that his bullet hit some person for whom it was not intended. You must consider the whole case as though the defendant had actually hit the man at whom he claims he was shooting, and upon that either convict or acquit him as you think he should be in accordance with the evidence and the law as I am giving it to you."

This is a correct statement of the law applicable to the case. In 29 C. J. 1092, the following language, which is supported by many citations, appears:

"Since legal malice does not require ill will toward the victim, the crime may be murder, and murder, although the person killed was not the one whom defendant intended to kill, as where the victim is mistaken for another, or, where one shooting at another kills a bystander or third person coming within range, or one partakes of poison which accused intended for another, or receives a blow intended for another. Actual malice toward the unintended victim is not necessary. The grade of the crime in such cases will be the same as though defendant had killed the person whom he had intended to kill."

The information was in proper form, the evidence amply justified the jury's finding that appellant did

not shoot at Downs in self-defense, the instructions were proper, and the trial regular in all respects; hence the judgment should stand. It is therefore affirmed.

ROSS, J., concurs.

NOTE.—Judge LOCKWOOD, being disqualified, took no part in the determination of this case.